NEW YORK POWER AND LIGHT CORPORATION, Respondent, v. JOHN L. HAUSER and Another, Appellants.

NEW YORK POWER AND LIGHT CORPORATION, Respondent, v. DAVID JEROME PHILLIPS and Others, Appellants.

Third Department, October 9, 1931.

*George H. Witbeck,* for the appellants.

*Daniel F. Imrie,* for the respondent.

PER CURIAM. The order in this condemnation proceeding was entered November 8, 1929, and the appeals therefrom were taken December 10, 1929. The printed case has not been filed or made, though a year and ten months have expired. No extension of time to make and file a case has been granted.

The rules directing the making and filing of a case on appeal are intended to be obeyed and not lightly disregarded. It is becoming more and more common for attorneys to delay the making and filing of a case. Too often, we think, attorneys rely upon the leniency of the appellate court, expecting, when a motion to dismiss the appeal is made, that the court will at worst grant the motion unless the appellant perfects his appeal by filing his

case within a time fixed and be ready to argue at· the next term. We feel that the court should discourage this expectation. Litigation is protracted and occasion is given for the often-heard criticism that final determination in cases is too long delayed. Many efforts are being made to devise methods by which litigation may be expedited. An appellant may have protection against a dismissal by applying to the court for an extension of time within which to make and file his case. If he does not avail himself of this privilege, if he does not furnish a reasonable excuse, grounded in necessity rather than convenience, a motion to dismiss ought to be granted.

No sufficient or reasonable ground for the long delay in this case is shown. The litigation on the merits should be allowed to proceed without further delay.

The motions to dismiss should be granted, with ten dollars costs in one motion.

All concur.

Motions granted, with ten dollars costs in one motion.