THEODORE F. TONKONOGY et al., Appellants, *v.* GEORGE JAFFIN et al., Copartners Doing Business under the Name of JAFFIN, SCHNEIDER, KIMMEL & GALPEER, et al., Respondents.

First Department, May 28, 1964.

*Theodore F. Tonkonogy,* in person, and for Norma Brill, appellants.

*Solomon M. Cheser* of counsel (*Tell, Cheser, Werner & Breitbart,* attorneys), for respondents.

*Nathaniel Rothstein* for Kanner, respondent.

*Per Curiam.* This is a motion to dismiss appeals which were taken from orders dismissing a complaint for insufficiency on its face and from a judgment entered thereon. The notices of appeal were served on December 5 and 17, 1963, but, to date, the appellants have not taken any step to perfect the appeals and to bring them on for argument or submission.

On the taking of an appeal, the appellant is bound to proceed promptly to have prepared, settled and certified the transcript or statement in lieu thereof. Then, the record on appeal or statement in lieu thereof, together with the appellant's brief and an appendix, if any, are to be prepared, served and filed within certain specified time limits. (See CPLR 5525–5530; Rules of First Department, Part I, " Appeals ", rules V, XI, XII.) The provisions of CPLR and of the rules of this court fixing time periods for the taking of the various steps in the perfecting of an appeal to the point where it may be argued or submitted to and decided by this court are designed for the purpose of facilitating the hearing and disposal of appeals and, in the interests of justice, of promptly bringing about finality in litigation.

Undue delay in the prosecution of an appeal tends to frustrate the substantial rights of a respondent. So, the provisions of the rules with reference to the procedural steps and time limitations for perfecting appeals are not to be lightly regarded. They are intended to be obeyed and followed; and there is express provision in the rules of this court for dismissal of an appeal for lack of prosecution where the appellant has failed " to prosecute the appeal or cause within the time prescribed by these rules ". (See Rules, First Department, rule XIII, subd. 2.)

As stated many years ago but still applicable today: " Too often, we think, attorneys rely upon the leniency of the appellate court, expecting, when a motion to dismiss the appeal is made, that the court will at worst grant the motion unless the appellant

perfects his appeal &ast; &ast; &ast; within a time fixed and be ready to argue at the next term. We feel that the court should discourage this expectation. Litigation is protracted and occasion is given for the often-heard criticism that final determination in cases is too long delayed. Many efforts are being made to devise methods by which litigation may be expedited. An appellant may have protection against a dismissal by applying to the court for an extension of time within which to make and file his case [his record on appeal or statement and his brief and appendix, if any]. If he does not avail himself of this privilege, if he does not furnish a reasonable excuse, grounded in necessity rather than convenience, a motion to dismiss ought to be granted.'' (*New York Power & Light Corp.* v. *Hauser,* 233 App. Div. 325, 326.)

The motion to dismiss an appeal for lack of prosecution is addressed to the sound discretion of the court. In order that such discretion may properly be exercised, the court is entitled to be fully advised as to the reasons for a delay in the prosecution of the appeal and as to the merits of the appeal. Where there is a prima facie showing of unreasonable delay, mere perfunctory opposition to the motion to dismiss will not suffice to entitle the appellant to further time to perfect his appeal.

Principally, upon a motion to dismiss, we are concerned with the extent of the delay in the prosecution of the appeal and the reasons for the same. Neither the rules nor decisions of this court entitle an appellant to be automatically relieved of his default in compliance with the rules. The enlargement of the appellant's time to perfect the appeal is largely a matter of grace. If the delay was inordinate, bearing in mind what was necessary to be done to perfect the particular appeal, and the appellant does not present any reasonable justification for his failure to proceed diligently, the appeal may be dismissed unconditionally. On the other hand, if the default is of short duration or if there are extenuating circumstances, the dismissal may be made conditional on a failure to perfect the appeal for argument or submission at a stated future term; and terms may be imposed. (See *Maronet* v. *1010 Rogers, Inc.,* 17 A D 2d 793, 794.)

Furthermore, the merit of an appeal may be a relevant factor for consideration in determining whether or not there has been an intentional or unjustifiable neglect of the appeal. As in the case of a failure to diligently prosecute at the trial level, it is true also that, in the case of neglected appeals, there is an intimate relationship between the lack of merit and the fact of unreasonable delay. Neglected appeals like neglected actions are generally found to have '' little or no merit ''. (See *Sortino*

v. *Fisher,* 20 A D 2d 25, 28.) It stands to reason that the greater the merit of a particular appeal, the greater would be the injustice of its dismissal. (See *Sortino* v. *Fisher, supra.*) So, in order that this court may have a complete base upon which to exercise the discretion vested in it, it is generally advisable for an appellant, in opposing a motion to dismiss or in seeking an enlargement of his time to perfect an appeal, to make a prima facie showing that the appeal presents at least arguable questions of substance.

Here, the appellants do not present any satisfactory excuse for their failure to process the appeal in due course. The attorney for the appellants, who is also one of the plaintiffs and appellants, merely states that he has not been able to proceed with the appeal because of the press of business and the coappellant's lack of funds. His business problems, not related to the subject matter of this appeal, are, of course, no excuse. Also, lack of funds of an appellant are generally not acceptable as an excuse in view of the liberal provisions now made for the perfecting of an appeal on the original papers and reproduced copies of appendices and briefs (see, further, CPLR 5529; Rules of First Department, Part I, " Appeals ", rules V, VI, X), and in view of provisions for poor person relief in a proper case (CPLR 1102, subd. [c]). (See *Rochefort* v. *Stillman,* 246 App. Div. 559.) Particularly here, the mere conclusory allegation by the attorney that his coappellant lacks funds is not persuasive.

Finally, it is not satisfactorily shown that these appeals have any merit. The conclusory allegations to this effect by the attorney are bare and not helpful.

The motion to dismiss the appeals should be granted.

BOTEIN, P. J., BREITEL, VALENTE, STEVENS and EAGER, JJ., concur.

Motion to dismiss appeals granted, with $10 costs.