■ George Moss, as Administrator of the Estate of Ruth L. Moss, Deceased, Respondent-Appellant, v Glen E. Cooley et al., Appellants-Respondents. — Mikoll, J. Appeals (1) from an order of the Supreme Court at Special Term (Bradley, J.), entered May 8, 1984 in Albany County, which denied defendants' motion to renew a prior motion to vacate their default in answering the complaint, and (2) from an order of said court, entered September 7, 1984, which granted defendants' motion for renewal and, upon renewal, vacated the default.

The instant appeals arose out of defendants' default in filing an appearance in a malpractice action initiated by the service of a summons with notice only. The case has been on appeal before this court on two prior occasions. On the first appeal, this court reversed an order of Special Term which vacated defendants' default (90 AD2d 657, *appeal dismissed* 58 NY2d 824). Thereafter, the Legislature enacted CPLR 2005, which permitted a court to exercise its discretion "in the interests of justice to excuse delay or default resulting from law office failure" (L 1983, ch 318). Defendants' request for reargument of the prior order was granted and this court held that Special Term abused its discretion in vacating the default since defendants failed to

establish a meritorious defense. The order to vacate entered at Special Term was reversed and defendants' motion to vacate denied "without prejudice to a motion for renewal by defendants at Special Term for consideration of an affidavit of merits" (97 AD2d 590).

Pursuant to our order, defendants moved for renewal at Special Term. By order entered May 8, 1984, Special Term first denied the application, noting that "defendants have failed to demonstrate a meritorious defense in answer to the allegations set forth in the plaintiff's complaint". Upon defendants' application for renewal of this latest motion, Special Term, by order entered September 7, 1984, granted renewal and vacated defendants' default, holding that the defendants "have submitted adequate affidavits to raise a meritorious defense". Special Term further stated that, in its prior decision, "it [had] specifically noted that the affidavit of merit was insufficient in view of the allegations in the complaint, however, it is even conceded by the plaintiff that the complaint was not before the court in the original application to vacate the default". Plaintiff's appeal from the September 7, 1984 order granting renewal and vacating the default is now before us, as is defendants' appeal from the earlier order entered May 8, 1984 denying defendants' first application for renewal of their motion to vacate the default.

Plaintiff's contentions that Special Term improperly granted defendants' second motion for renewal and that defendants failed to establish the existence of a meritorious defense to plaintiff's malpractice action are rejected. The order of Special Term entered September 7, 1984 should be affirmed. The order of Special Term entered May 8, 1984 appealed by defendants should be dismissed as academic in view of our affirmance of the September 7, 1984 order.

In our view, Special Term did not abuse its discretion when it granted defendants' second renewal motion on this record. Significantly, Special Term points out in its written decision that no complaint was before the court on defendants' original application for renewal of their motion to vacate the default. It appears, therefore, that the mistaken reliance on the complaint was a substantial factor in Special Term's denial of defendants' first application for renewal. Under all of the circumstances of this case, including the shortness of the default, the nature of the action (medical malpractice), the change in the law (enactment of CPLR 2005), Special Term's error and the evidence submitted in the affidavits on the second renewal motion, we cannot say that Special Term abused its discretion (*see, Feinstein v Goebel,* 97 AD2d 456; *Vitale v La Cour,* 96 AD2d 941; *Esa*

*v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865; *see also,* CPLR 2005, 2221).

Plaintiff's further argument that defendants failed to establish a meritorious defense to the action is not persuasive. Whether the affidavit of merit is sufficient in such cases is a matter ordinarily "left to the discretion of the lower courts" (*Barasch v Micucci,* 49 NY2d 594, 599). Considering the medical factual evidence contained in the affidavits submitted by defendants in their second motion for renewal, and in view of the nature of the case (*see, Morwin v Albany Hosp.,* 7 AD2d 582, 585), we cannot say that Special Term abused its discretion when it concluded that a meritorious defense was presented.

We have considered plaintiff's other arguments for reversal and also find them unpersuasive.

Order entered September 7, 1984 affirmed, without costs.

Appeal from order entered May 8, 1984 dismissed, as academic, without costs. Mahoney, P. J., Casey, Mikoll and Yesawich, Jr., JJ., concur.