■ MILO E. SIMMONS, Respondent, v S. HAL MERCER, IV, Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Doran, J.), entered January 12, 1988 in Albany County, which, *inter alia,* conditionally granted defendant's motion to vacate a default judgment entered against him.

Plaintiff's complaint asserts causes of action stemming from defendant's alleged conversion of plaintiff's tax records; the conversion ostensibly occurred when, in the course of forcing plaintiff's accountant to vacate defendant's building, defendant seized those records. Defendant, an attorney, did not serve his answer until more than three months after the complaint had been served. In the meantime, plaintiff moved for a default judgment. The notice of motion was mailed December 18, 1986. On the return date of the motion, December 26, 1986, defendant failed to appear. Thereafter, plaintiff served a note of issue on February 13, 1987 which failed to prompt a response from defendant and, following an inquest, a default judgment was entered on April 13, 1987 in the amount of $18,627. In August 1987, prompted by plaintiff's attempt to collect on the judgment, defendant moved to vacate the default, to change the venue of the action from Albany County to Kings County, to dismiss the complaint pursuant to a variety of statutes, including CPLR 3211 (a) (2), (3), (5), (7) or

(8), and also for summary judgment. Supreme Court granted the venue change and vacated the default, but in view of defendant's unexcused "ignoring of time requirements and deadlines" conditioned vacatur upon defendant paying a $2,000 sanction to plaintiff. In the only appeal properly before us —there being no timely cross appeal (see, CPLR 5513)—defendant challenges imposition of the monetary sanction and Supreme Court's refusal to dismiss the complaint.

The one issue meriting discussion is defendant's argument, not previously urged in this litigation, that plaintiff did not give him timely notice of the default judgment application. Notice of an application for default is controlled by CPLR 3215 (f), not, as defendant suggests, CPLR 2214 (b). Since the only procedural action taken by defendant prior to plaintiff's application for a default judgment was service of a demand for the complaint, which is not an appearance (CPLR 3012 [b]), plaintiff was under no obligation to provide notice of the default application to defendant (CPLR 3215 [f] [1]). The sanction, upon which vacatur of the default is conditioned, is appropriate redress for the prolonged dilatory behavior of defendant and the attendant expense and inconvenience to plaintiff resulting therefrom (see, Matter of Harley v Assessor of Town of Hoosick, 121 AD2d 776, 777). The other arguments proffered by defendant are either patently without merit or not properly before this court.

Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.