■ JOHN TIGER et al., Respondents-Appellants, v TOWN OF

Bolton, Appellant-Respondent.—Mikoll, J. Cross appeals from an order of the Supreme Court (Dier, J.), entered April 29, 1988 in Warren County, which denied defendant's motion to open a default judgment entered against it, ordered a hearing to be held on the amount of damages and ordered that the judgment previously obtained be stricken and discharged of record.

Plaintiffs commenced this action against defendant alleging that they incurred property damage to their Warren County property through the negligence of defendant. Specifically, the complaint alleged that defendant's negligence consisted of work performed by defendant on Brailey Hill Road in July and August 1984 which caused surface and rain water to carry silt, mud and other material into an adjoining brook and onto plaintiffs' property. Two copies of the complaint were served on defendant's clerk on September 10, 1985. Thereafter, an order granting plaintiffs a default judgment was entered against defendant on October 6, 1986, and an inquest on damages was held. A default judgment of $51,500 was then granted on December 11, 1987 and filed in the County Clerk's office on January 7, 1988. Defendant received its first notice of the default judgment on December 17, 1987. Defendant moved to vacate the default judgment on February 3, 1988, but the motion was denied. Defendant now appeals from such denial and plaintiffs appeal from the order granting a hearing to determine the amount of damages and striking and discharging the judgment of record.

A court may relieve a party from a default judgment upon such terms as may be just (see, CPLR 5015). Power to open a default lies within the discretion of the court. Unless a defendant is able to show an acceptable excuse for the default, absence of willfulness and a meritorious defense, the court should not vacate the default judgment. The facts herein disclosed indicate that defendant's clerk received two copies of the summons and complaint. She believes that she mailed one copy of the summons and complaint to defendant's insurance company. The insurance company denies receipt thereof and, therefore, it never defended the action. One of the two copies served is in defendant's possession.

Supreme Court's order must be reversed. The law favors the resolution of cases on the merits (Arred Enters. Corp. v Indemnity Ins. Co., 108 AD2d 624). Defendant has established a valid excuse for the default, an apparently lost piece of mail, and thus a failure in apprising defendant's insurance company, which would defend the matter, of the action. The absence of

willfulness on the part of defendant has been adequately proven. Under these circumstances, defendant's default should be excused *(see, Lirit Corp. v Laufer Vision World,* 84 AD2d 704). Defendant has also established a meritorious defense to the cause of action. Defendant denies that work was being done by its employees on Brailey Hill Road during the period of alleged damage. Other witnesses attribute the damages to sources other than defendant and exculpate defendant.

Order reversed, on the law and the facts, without costs, motion to vacate the default judgment granted, and defendant is directed to serve an answer to the complaint within 30 days of the date of this court's decision. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.