■ JEAN MERWITZ, Respondent, v DENTAL CARE SERVICES, P. C., et al., Appellants, and PRO-MARK, INC., et al., Intervenors-Appellants.—Kane, J. Appeals (1) from an order of the Supreme Court (Conway, J.), entered June 9, 1988 in Albany County, which, *inter alia,* denied defendants' motion to vacate a default judgment entered against them, (2) from an order of said court, entered November 30, 1988 in Albany County, which denied defendants' motion to renew and reargue their prior motion, and (3) from an order of said court, entered March 2, 1989 in Albany County, which, *inter alia,* denied defendants' motion to vacate the default judgment entered against them.

The underlying action is for malpractice by a dentist and was commenced on October 29, 1985 by service upon defendants of a summons which had endorsed upon it, "The nature of this action is Medical Malpractice by a Dentist." The summons also contained a statement of the relief sought, but

---

did not state the monetary amount for which judgment could be taken in case of a default (CPLR 305 [b]). It was forwarded to defendants' insurance agent the next day.

Defendants failed to appear and approximately 11 months later, on September 11, 1986, plaintiff's attorney forwarded a letter by certified mail, return receipt requested, to defendant Richard A. Rainka at the address of defendant Dental Care Services, P. C., advising defendants of their failure to appear in answer to the summons and giving them five days' notice of plaintiff's intention to apply for a default judgment in the event defendants' attorney or carrier failed to contact him. Again, defendants failed to respond to the request contained in the letter or otherwise appear in the action. Accordingly, notice of an application for a default judgment and an assessment of damages dated October 24, 1986 was filed in Supreme Court, which resulted in an order dated November 28, 1986 granting a default judgment, dispensing with notice of the application for same and directing an assessment of damages (see, CPLR 3215). A copy of said order, together with notice of entry thereof, was mailed to Rainka on March 11, 1988 and an inquest was conducted by the court on March 18, 1988, which resulted in a judgment in plaintiff's favor in the sum of $64,000.

By order to show cause dated March 24, 1988, defendants moved to vacate the order of November 28, 1986, as well as the results of the inquest on March 18, 1988, and for a stay of all further proceedings pending their service of an answer. The motion was denied by order entered June 9, 1988 for failure of defendants to establish excusable default and a meritorious defense. A subsequent motion to renew and reargue was also denied by order entered November 30, 1988. An additional motion to vacate the default judgment was made in December 1988 alleging a jurisdictional defect in the summons and notice because of the failure to state therein the sum of money for which judgment could be taken in case of default (see, CPLR 5015 [a] [4]; 305 [b]). The motion was denied, but a motion to intervene by Pro-Mark, Inc., and Weicholz Management Corporation, defendants' insurance agent and its successor in interest, respectively, was granted. These appeals ensued.

There must be an affirmance. As excuse for the delay defendants argue that their malpractice insurance carrier had been liquidated on June 16, 1985 and that the failure of the Liquidation Bureau of the State Department of Insurance to open a file and take appropriate measures on their behalf was

the cause for the default and one over which they had no control. In our view defendants have not demonstrated the adequate excuse and factual showing of some meritorious defense, which are necessary to prompt the exercise of the sound discretion of the court for the opening of a default judgment (see, Perellie v Crimson's Rest., 108 AD2d 903; see also, CPLR 2005, 3012 [d]; De Vito v Marine Midland Bank, 100 AD2d 530, 531). As to the excuse, defendants' reliance upon and belief that Pro-Mark was protecting their interests was, under the circumstances, unreasonable, particularly in view of the September 1986 notice by plaintiff's attorney of the absence of any appearance on their behalf and that a default judgment would be sought within five days (see, McCarthy v Chef Italia, 105 AD2d 992). Furthermore, plaintiff's attorney was compelled to seek the default judgment to comply with the statutory time limits imposed by CPLR 3215 (c). With respect to a meritorious defense, defendants' conclusory allegations concerning plaintiff's dental treatment are not sufficient, given that a default judgment has been entered (see, Loeb v Tanenbaum, 124 AD2d 941, 942; Wall v Bennett, 33 AD2d 827).

Our recent decision in Tiger v Town of Bolton (150 AD2d 889) and the cases cited therein do not support defendants' position. Unlike the instant case, in Tiger the defendant's insurer never received the summons and complaint which was forwarded by the defendant and apparently lost in the mail, and the defendant was never notified of the application for a default (see, supra). Moreover, the defendant in Tiger established a meritorious defense to the underlying action.

We also reject defendants' argument that the failure to state in the summons the amount to be recovered in case of default is a jurisdictional defect (CPLR 305 [b]; 3017 [c]). Here, in this action for dental malpractice, the summons did contain a notice stating the nature of the action and the relief sought. Accordingly, the absence of a stated monetary amount is a mere irregularity and not a jurisdictional defect (see, Premo v Cornell, 71 AD2d 223, 224). Defendants' reliance upon Parker v Mack (61 NY2d 114) is misplaced since the summons at issue in Parker did not contain either notice of the action or the relief requested (supra, at 116).

Finally, we find no abuse of discretion by Supreme Court in its denial of defendants' motion to renew since the motion was untimely, nor do we find any basis to disturb its denial of the motion to reargue (see, Moss v Cooley, 109 AD2d 1019, appeal dismissed 58 NY2d 824).

Orders affirmed, with costs against defendants. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.