■ BEVERLY J. DAVIES, Respondent, v CONTEL OF NEW YORK, INC., Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Coutant, J.), entered January 25, 1989 in Broome County, which, *inter alia,* denied defendant's motion to compel plaintiff to accept service of defendant's answer, and permitted plaintiff to apply for a default judgment.

Plaintiff seeks to recover damages for personal injuries allegedly suffered in late July 1985. Her injuries, said to be the result of a fall, are claimed to have occurred because of construction work negligently performed on behalf of defendant. Suit was commenced July 21, 1988 by service of a summons and complaint. Five days later, defendant's insurer, through its assistant claim manager, requested an extension of time to file an answer. The reason for seeking the extension

was to enable the insurer to contact the contractor to determine whether the latter would, pursuant to an indemnity agreement between defendant and the contractor, assume the defense on defendant's behalf.

By correspondence dated August 10, 1988, plaintiff's attorney confirmed granting an extension and inquired as to how much time was needed. On September 20, 1988, having received no response, plaintiff's counsel wrote the assistant claim manager and unequivocally advised that if an answer was not received by September 26, 1988, defendant would be deemed to be in default.

Between September 21 and September 28, 1988, the assistant claim manager's office location was transferred from Syracuse to Binghamton and, as a result, mail directed to him in Syracuse was misrouted or misplaced and not received until October 11, 1988. At that point, a senior claim supervisor to whom the assistant claim manager had assigned responsibility for overseeing this claim immediately contacted plaintiff's attorney. Although what occurred during this conversation is disputed, the upshot was that the insurer's representative, because of the press of other claims, and his belief that the extension was continuing, did not actively monitor this file or arrange to have an answer sent.

On December 1, 1988, plaintiff's attorney called the assistant claim manager a final time and expressed his belief that defendant was in default. An answer was then served by mail that same day and later rejected and returned by plaintiff's attorney on December 2, 1988. By order to show cause dated December 21, 1988, defendant moved for an order compelling plaintiff to accept its answer; that motion was ultimately denied, and this appeal followed.

At the outset, we note a judicial preference to decide cases on their merits (see, David Sanders, P. C. v Sanders, Architects, 140 AD2d 787, 789), that courts enjoy broad discretion to grant relief from pleading defaults provided the moving party furnishes an affidavit of merit, that the delay was neither willful, lengthy nor prejudicial (see, General Acc. Group v Scott, 96 AD2d 759, 760, lv dismissed 60 NY2d 651; see also, A & J Concrete Corp. v Arker, 54 NY2d 870, 872), and that lost or misplaced mail can suffice as reasonable justification for a pleading delay (see, Tiger v Town of Bolton, 150 AD2d 889; see also, MacFarland Bldrs. v Raymond E. Kelley, Inc., 107 AD2d 972). Here, defendant submitted an affidavit from a senior field investigator in its security division whose investigation of

facts and circumstances surrounding plaintiff's claim suggests that a meritorious defense exists. As for the delay in serving the answer, the record reflects not willfulness but administrative inaptitude. And, 2½ months is not overly lengthy *(see, Simmons v Mercer,* 146 AD2d 833; *see also, Williams v City of New York,* 85 AD2d 633) given that plaintiff has suffered no demonstrable prejudice by reason of that delay. Because of the inconvenience and potential added expense that defendant's dilatory behavior has caused plaintiff, however, we are of the view that a $1,000 sanction is an appropriate redress *(see, Simmons v Mercer, supra,* at 834). Such payment is to be made by defendant simultaneously with the service of its answer; should defendant fail to comply, the order appealed from is affirmed, with costs *(Aces Mechanical Corp. v Cohen Bros. Realty & Constr. Corp.,* 99 AD2d 455, 456).

Order reversed, on the facts, without costs, and motion granted on condition that defendant pay plaintiff $1,000 simultaneously with the service of its answer. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.