■ ROBERT H. MITCHELL, as Executor of ALICE N. ZEITFUSS, Deceased, Appellant, v MID-HUDSON MEDICAL ASSOCIATES, P. C., et al., Respondents. [624 NYS2d 70] —Cardona, P. J. Appeal from an order of the Supreme Court (Kahn, J.), entered May 31, 1994 in Albany County, which granted defendants' motion to vacate a default judgment entered against them.

In this underlying medical malpractice action, plaintiff seeks to recover damages against defendants for failing to timely diagnose and treat decedent's bladder cancer. Following service upon defendants on or about May 11, 1993, defendant Murray L. Cohen forwarded the summons and verified complaint to his insurance carrier, Medical Liability Mutual Insurance Company (hereinafter the carrier). The summons and complaint was received by the carrier on May 20, 1993 and, on that date, a senior claims examiner mailed copies of both documents to its field representative and the law firm of Feldman & Kleidman, the attorneys assigned to defend the action. Neither Feldman & Kleidman nor the carrier's field representative received the summons and complaint. Plaintiff entered a default judgment on January 11, 1994 in the amount of $750,000.

Defendants first learned of the default judgment on or about January 24, 1994 when they were served with restraining notices. Defendants moved by order to show cause returnable January 31, 1994 to vacate the default judgment. Finding that defendants satisfied their burden under CPLR 5015 (a) to demonstrate both a reasonable justification for the delay in pleading and a meritorious defense, Supreme Court granted the motion. Plaintiff appeals.

We affirm. We reiterate our preference that cases be decided on their merits (see, Davies v Contel of N. Y., 155 AD2d 809, 810; Tiger v Town of Bolton, 150 AD2d 889, 890). Defendants' detailed affidavits by persons with knowledge of the facts establish that the pleading delay was attributable to lost mail, which, under the circumstances here, constitutes reasonable

justificatio:.. It is also apparent that the delay was neither willful, lengthy nor prejudicial to plaintiff *(see, Davies v Contel of N. Y., supra,* at 810). Additionally, defendants' alleged meritorious defenses, that plaintiff's action is barred by the applicable Statute of Limitations *(see,* CPLR 214-a) and that Cohen's conduct in failing to test for bladder cancer did not, under the existing circumstances, constitute malpractice, are sufficient to permit vacatur of the judgment.

We find plaintiff's remaining contentions to be lacking in merit.

Mercure, White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.