■ In the Matter of EMIDIA CONSORTI, Respondent, v DIANE CONSORTI, Appellant. [651 NYS2d 238] —White, J. Appeal from an order of the County Court of Ulster County (Bruhn, J.), entered September 13, 1995, which, in a proceeding pursuant to RPAPL article 7, dismissed respondent's appeal of a judgment and warrant of eviction issued by the Town of Marlborough Justice Court.

In November 1994, petitioner commenced an eviction proceeding against respondent, her daughter, in the Town of Marlborough Justice Court. On January 9, 1995, the Town Justice summarily granted the petition even though respondent had raised several affirmative defenses. Respondent filed an appeal with County Court on January 18, 1995, but failed to timely perfect it as required by 22 NYCRR 202.55 (a). As a result, on March 7, 1995, petitioner moved to dismiss the appeal. The parties then agreed to extend the time to perfect the appeal until April 21, 1995. Respondent did not comply and petitioner again sought dismissal. By order dated May 19, 1995,

County Court gave respondent until June 22, 1995 to perfect the appeal. On that date, respondent filed her briefs with County Court but neglected to file a notice of argument (22 NYCRR 202.55 [a]). Although the Chief Clerk's office apparently advised the office of respondent of this oversight, the required notice was still not filed, ostensibly because respondent's attorney was on vacation and his staff was unfamiliar with appellate procedures. In response to petitioner's renewed request for an order of dismissal, County Court scheduled a conference for August 9, 1995. Thereafter, on September 13, 1995, County Court dismissed respondent's appeal on the ground she had not shown good cause for an extension of time to perfect her appeal. Respondent appeals.

County Court's finding that respondent's attorney had engaged in delaying tactics and that he could and should have perfected the appeal within the prescribed time is fully supported by the record. Nevertheless, given respondent's substantial compliance with County Court's May 19, 1995 order and our preference that litigation be decided on the merits (*see, Mitchell v Mid-Hudson Med. Assocs.*, 213 AD2d 932), we are not persuaded that the dismissal of the appeal was warranted particularly since it has some indicia of merit (*see,* RPAPL 745). Instead, the more appropriate disposition is to impose a penalty upon the party responsible for the delay, respondent's attorney, which avoids penalizing an innocent litigant. Accordingly, we reverse and deny the motion to dismiss on condition that, within 15 days of the date of this Court's decision, respondent's attorney, Francis Ferro, personally pay $1,000 to petitioner and provide proof of payment to County Court.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the order is reversed, on the facts, without costs, motion denied on condition that, within 15 days of the date of this Court's decision, respondent's attorney, Francis Ferro, personally pay $1,000 to petitioner and provide proof of payment to the County Court of Ulster County.