■ Lawrence A. Quinn, Respondent, v County of Rensselaer, Appellant. [661 NYS2d 870] —Peters, J. Appeal from an order of the County Court of Albany County (Rosen, J.), entered November 18, 1996, which denied defendant's motion for reconsideration of a prior order dismissing an appeal from a judgment of Troy City Court.

On October 12, 1995, a money judgment was entered in plaintiff's favor against defendant in a small claims action in Troy City Court for legal expenses and costs plaintiff incurred while in his capacity as Clerk of the Rensselaer County Legislature. Defendant filed a notice of appeal from this judg-

ment with County Court but failed to timely perfect it as provided in 22 NYCRR 202.55 (*see generally, Matter of Consorti v Consorti*, 234 AD2d 805).

On September 26, 1996, plaintiff moved to dismiss the appeal for defendant's failure to perfect. The motion was made returnable on October 16, 1996. Despite the pendency of plaintiff's motion, on October 2, 1996 County Court issued an order on its own motion dismissing the appeal with prejudice on the ground that it had been abandoned. On October 3, 1996, apparently prior to receiving County Court's order, defendant moved in opposition to plaintiff's motion and for permission to extend the time to perfect the appeal. After defendant received County Court's order, however, it moved for leave to reconsider on the ground that County Court had decided plaintiff's motion to dismiss the appeal without the benefit of defendant's papers in opposition thereto.

County Court deemed defendant's motion as one to renew and denied the application, holding that no new facts had been adduced. Defendant now appeals.

We reverse. Initially, we note that defendant's motion was not properly a motion to renew (*see, Winch v Yates Am. Mach. Co.*, 205 AD2d 1001, 1002, *lv dismissed* 84 NY2d 1027; *Foley v Roche*, 68 AD2d 558, 568). County Court's order dismissing the appeal was made without notice to the parties and on its own motion (*see*, 22 NYCRR 202.55 [b]). Under the circumstances, defendant's remedy was to move to vacate the order. Inasmuch as the moving papers essentially request such relief, in the interest of judicial economy we will consider the motion, treat it as one to vacate County Court's order and grant the motion. Although County Court may dismiss a civil appeal on its own motion (*see*, 22 NYCRR 202.55 [b]), here, the court abused its discretion in dismissing the appeal while plaintiff's motion to dismiss was pending and without having permitted defendant an opportunity to respond to plaintiff's motion. Because this Court cannot decide the underlying motions in the absence of plaintiff's response to defendant's motion for an *extension of* time to perfect the appeal, we remit the matter to County Court.

Mercure, J. P., White and Carpinello, JJ., concur. Ordered that the order is reversed, on the facts, without costs, motion to renew treated as one to vacate the order, motion granted and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.