■ DALE W. CETNAR, Respondent, v CHRISTOPHER J. KINOWSKI et al., Appellants. [667 NYS2d 107] —Cardona, P. J. Appeal from an order of the County Court of Montgomery County (Sise, J.), entered August 15, 1996, which, *inter alia*, granted plaintiff's motion to dismiss an appeal from a judgment of the Amsterdam City Court as abandoned.

This appeal arises out of defendants' sale of a two-family residence located in the City of Amsterdam, Montgomery County, to plaintiff in January 1989. In April 1989, plaintiff experienced problems with raw sewage backing up into the basement of the subject property which required extensive clean-up and repair. In April 1991, he commenced this action against defendants alleging fraud and intentional concealment of facts concerning the condition of the sewer line. Defendants appeared *pro se* at the trial which was conducted in Amsterdam City Court. In July 1994, a decision was rendered finding that the condition of the sewer line was a latent defect which plaintiff could not have discovered and that defendants had misrepresented the condition of the property. In October 1994, the court awarded plaintiff a judgment in the amount of $5,228.15, plus interest.

On or about November 4, 1994, after retaining counsel, defendants filed a notice of appeal with the Montgomery County Court. Over one year later, on or about November 7, 1995, defendants filed their brief on appeal and on December 11, 1995 filed the remaining papers necessary to perfect their appeal. In January 1996, plaintiff moved to dismiss defendants' appeal for failure to timely perfect the same. Defendants opposed the motion and cross-moved for an extension of time in which to perfect their appeal. County Court, *inter alia*, granted plaintiff's motion to dismiss and this appeal by defendants ensued.

The procedure for appealing judgments of the City Courts to County Court is set forth in 22 NYCRR 202.55. Unlike 22 NYCRR 800.12, which specifically addresses appeals to the Appellate Division, Third Department and contains a nine-month time limitation within which an appeal must be perfected from the date of the notice of appeal (*see, e.g.*, *Bailey v Hammedani*, 241 AD2d 645, 646; *Gray v Steger*, 150 AD2d 962, 963; *Zetlin v Hanson Holdings*, 63 AD2d 878), 22 NYCRR 202.55 contains no similar time requirement. Rather, this section sets forth the time period for perfecting an appeal to County Court as follows:

"Within 20 days after the papers described in * * * section

1704 of the Uniform City Court Act have been filed with the County Court, appellants shall notice the appeal for the next term or special term of County Court by filing with the clerk of the County Court, not less than 14 days prior to the date for which the appeal has been noticed, a notice of argument and a brief or statement of contentions with proof of service of a copy of each upon respondent" (22 NYCRR 202.55 [a]). This section further provides that, in the event of the appellant's failure to comply with the foregoing provision, "the County Court may, upon respondent's motion or upon its own motion, dismiss the appeal" (22 NYCRR 202.55 [b]; *see*, *Quinn v County of Rensselaer*, 242 AD2d 813, 814; *Matter of Consorti v Consorti*, 234 AD2d 805).

It is well settled that "[a] motion to dismiss an appeal for lack of prosecution is addressed to the sound discretion of the court" (*Tonkonogy v Jaffin*, 21 AD2d 264, 266; *see*, Siegel, NY Prac § 542, at 854 [2d ed]). "In order that such discretion may properly be exercised, the court is entitled to be fully advised as to the reasons for a delay in the prosecution of the appeal and as to the merits of the appeal" (*Tonkonogy v Jaffin, supra*, at 266). Under the particular facts presented here, we conclude that County Court should not have granted plaintiff's motion.

While it is undisputed that defendants did not timely comply with all the requirements of 22 NYCRR 202.55, it is apparent that at least some of the delay was attributable to their inability to obtain the trial transcript until May 1995. Although we find defendants' excuse of their attorney's busy work schedule as a reason for their subsequent delay in perfecting the appeal unpersuasive, we note that plaintiff acquiesced in defendants' delay by neglecting to make his motion to dismiss until well after the appeal was perfected and the requirements of 22 NYCRR 202.55 had been satisfied (*cf.*, *Matter of Consorti v Consorti*, 234 AD2d 805, *supra*). In view of this, as well as our policy favoring the resolution of disputes on their merits (*see*, *id.*, at 805; *Mitchell v Mid-Hudson Med. Assocs.*, 213 AD2d 932), we find that defendants' appeal should not be dismissed but should be resolved by County Court on the merits. In addition, our review of the record does not disclose that the County Judge who originally decided this case prejudged the merits so as to render his further consideration of the case upon remittal inappropriate.

Crew III, White, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and plaintiff's motion to dismiss the appeal as abandoned denied.