■ Azizza Hoover, Appellant, v New Paltz Central School District, Respondent. [770 NYS2d 917]—

there was no stipulation that the resulting measurements would be controlling.

Mugglin, J. Appeal from an order of the County Court of Ulster County (Bruhn, J.), entered August 16, 2002, which, inter alia, dismissed plaintiff's appeal from an order of the New Paltz Town Court.

Plaintiff's services as a bus driver for defendant were terminated. Plaintiff, acting pro se, sued defendant in New Paltz Town Court to resolve a dispute concerning continued health insurance coverage. Defendant counterclaimed for four months of health insurance premiums that it allegedly paid on plaintiff's behalf. By decision dated July 13, 2000, Town Court dismissed plaintiff's claim and awarded defendant judgment on its counterclaim. Plaintiff, still acting pro se, filed a notice of appeal on August 11, 2000. Plaintiff then retained counsel who spent considerable time attempting to discover whether defendant had, in fact, actually paid health insurance premiums on behalf of plaintiff and sought to have Town Court file its return so the appeal could be perfected. Finally, on May 19, 2002, counsel moved in County Court for an extension of time to perfect the appeal. The Town Court return was filed on June 14, 2002, a fact counsel claims to have been unaware of until receipt of County Court's decision dated July 10, 2002, which granted the motion for an extension of time to perfect the appeal until July 24, 2002, and which advised that failure to perfect would result in dismissal. Instead of perfecting, counsel again moved on July 24, 2002 for a further extension. County Court denied this motion and dismissed the appeal. Plaintiff appeals from this order.

Whether to dismiss for lack of prosecution is an issue addressed to the court's discretion (see Cetnar v Kinowski, 245 AD2d 974, 975 [1997]; Tonkonogy v Jaffin, 21 AD2d 264, 266 [1964]). To properly exercise its discretion, the court should be provided with the reasons for the delay and the merits of the appeal. All of the pertinent history of this case was submitted to County Court in support of the first motion, which resulted in the order of July 10, 2002 granting an additional two weeks to perfect the appeal. County Court, in granting the extension, must have found a reasonable excuse for the delay and some indicia of merit to the appeal. Having established merit, plaintiff need only establish a reasonable excuse for not meeting the extended deadline.

In an attempt to meet this burden, plaintiff's counsel averred that he received the court order on or about July 13, 2002 and that he went to the County Clerk's office on July 19, 2002, where he "had neither the time nor the change" to copy 50 of the 90 pages of the return. Counsel further averred that the is-

sue "turned on whether [defendant] had ever made payment of [plaintiff's] health insurance premiums." It is apparent that counsel knew on July 13, 2002, that the court had imposed a deadline of the July 24, 2002, and that failure to meet it would result in a dismissal. Nevertheless, without explanation, counsel delayed until July 19, 2002, to review the return, some of which, at least, he had seen at Town Court on December 19, 2000. Counsel does not explain either why he did not return with sufficient change to copy the remaining pages or, given the limited issue he identified, the necessity for doing so. Nor does counsel offer any explanation for his failure to prepare and file a brief or statement of contentions (see 22 NYCRR 202.55 [a]). Under these circumstances, we find no abuse of discretion in County Court rejecting this excuse and dismissing the appeal.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.