■ BRETT WIGHTMAN, Respondent, v MICHAEL GENUTE et al., Appellants. [910 NYS2d 267]—

Malone Jr., J. Appeal from an order of the County Court of Chenango County (Burns, J.), entered June 10, 2009, which granted plaintiff's motion to dismiss an appeal from an order of the Norwich City Court in favor of plaintiff.

In 2006, defendants hired plaintiff to perform certain renovation work at a residence located in the City of Norwich, Chenango County. After a dispute arose as to the quality and extent of the work performed, plaintiff commenced this small claims action in April 2007, and defendants counterclaimed alleging, among other things, breach of contract. A trial ensued, at the conclusion of which City Court awarded plaintiff $1,579 on his claim and awarded defendants $300 on their counterclaim, resulting in a net award to plaintiff of $1,279.

Although defendants filed a notice of appeal to County Court in January 2008, no further action was taken until they sought and were granted an order in August 2008 staying enforcement of the judgment pending appeal until September 19, 2008. On that date, defendants filed a brief and appendix with County Court, but neglected to file a notice of argument as required by 22 NYCRR 202.55 (a). In April 2009, plaintiff moved to dismiss the appeal, in response to which defendants simultaneously filed the missing notice of argument and moved to, among other things, extend the time for perfecting their appeal. County Court granted plaintiff's motion and dismissed the underlying appeal, prompting this appeal by defendants.

We affirm. The procedure for perfecting a civil appeal to County Court is set forth in 22 NYCRR 202.55 (a), which provides, in relevant part, that the appellant "shall notice the appeal for the next term or special term of County Court by filing with the clerk of the County Court . . . a notice of argument and a brief or statement of contentions with proof of service of a copy of each upon [the] respondent." In the event the appellant fails to comply with this requirement, County Court "may, upon [the] respondent's motion or upon its own motion, dismiss the appeal" (22 NYCRR 202.55 [b]). A motion to dismiss an appeal for lack of prosecution is a matter committed to the sound discretion of the court upon due consideration of the reason for the delay and the relative merit of the appeal (*see Hoover v New Paltz Cent. School Dist.*, 4 AD3d 593, 594 [2004]; *Cetnar v Kinowski*, 245 AD2d 974, 975 [1997]).

Here, even accepting that defendants' appeal may have some merit, they have failed to offer any persuasive reason for the 17-month delay between the filing of their notice of appeal in January 2008 and the filing of the required notice of argument in April 2009. Although defendant Michael Genute variously

contends that he was either not advised of or was given erroneous advice regarding the specific requirements for perfecting an appeal to County Court, in light of Genute's averment that he is an attorney, he does not qualify as an "innocent litigant" (*Matter of Consorti v Consorti*, 234 AD2d 805, 806 [1996]) and his professed ignorance of the filing requirements is an insufficient basis upon which to excuse defendants' lack of compliance therewith. Accordingly, we cannot say that County Court abused its discretion in granting plaintiff's motion to dismiss the appeal.

Cardona, P.J., Peters, Rose and Stein, JJ., concur. Ordered that the order is affirmed, without costs.