Regan v Millard (2019 NY Slip Op 06353)





Regan v Millard


2019 NY Slip Op 06353


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND CURRAN, JJ.


733 CA 18-001108

[*1]MARK A. REGAN, PLAINTIFF-APPELLANT,
v
RICHARD MILLARD, DEFENDANT-RESPONDENT, AND LAWRENCE CHAMPOUX, DEFENDANT. 






MARK A. REGAN, PLAINTIFF-APPELLANT PRO SE.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (ERICKA B. ELLIOTT OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Monroe County Court (Victoria M. Argento, J.), entered March 28, 2018. The order denied the application of plaintiff for an extension of time to perfect an appeal from an order of the Rochester City Court. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff appeals from an order of County Court that denied plaintiff's request for an extension of time to perfect his appeal to that court from a City Court order—which granted defendants' respective motions to dismiss plaintiff's malicious prosecution complaint against them for failure to state a cause of action—and, on County Court's own motion, dismissed that appeal for failure to perfect. We affirm.
Plaintiff correctly concedes that his request for an extension of time to perfect was untimely and that County Court had the authority to dismiss his appeal on its own motion (see Uniform Rules for County Court [22 NYCRR] § 202.55 [b]). He contends, however, that County Court abused its discretion in doing so. We reject that contention. County Court's dismissal of an appeal for lack of prosecution "is a matter committed to the sound discretion of the court upon due consideration of the reason for the delay and the relative merit of the appeal" (Wightman v Genute, 78 AD3d 1281, 1282 [3d Dept 2010]). Here, plaintiff has provided no reason for his failure to comply with the perfection deadline. Moreover, the relative merit of plaintiff's appeal supports dismissal because, inter alia, the complaint does not allege an essential element of malicious prosecution, i.e., that defendants played a sufficiently active role in initiating an action against plaintiff (see Williams v CVS Pharmacy, Inc., 126 AD3d 890, 892 [2d Dept 2015]). Thus, we cannot conclude that County Court abused its discretion in dismissing plaintiff's appeal from the City Court order (see Wightman, 78 AD3d at 1283).
Plaintiff's further contentions, which directly address the merits of City Court's order and the standard of review applied by City Court, are not properly before us on appeal from County Court's order.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court