Bradley v Iannucci (2022 NY Slip Op 01364)





Bradley v Iannucci


2022 NY Slip Op 01364


Decided on March 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 3, 2022

532965
[*1]Sean Bradley et al., Plaintiffs,
v
Robert Iannucci, Appellant.

Calendar Date:January 14, 2022

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Robert Iannucci, New York City, appellant pro se.



Clark, J.
Appeal from an order of the County Court of Ulster County (Rounds, J.), entered November 20, 2020, which affirmed a judgment of the City Court of the City of Kingston in favor of plaintiffs.
In 2014, plaintiffs and defendant entered into a written agreement by which plaintiffs leased an apartment from defendant for a term of one year, and, as part of the agreement, plaintiffs paid defendant a security deposit. The lease term was ultimately extended into 2018, and, upon termination of the lease, plaintiffs vacated the apartment and requested their security deposit be returned. Defendant refused, asserting that plaintiffs were responsible for damage to the apartment beyond what would be considered normal or ordinary wear and tear. Plaintiffs consequently commenced the subject small claims action seeking the full amount of the security deposit, among other things. Defendant counterclaimed for certain damages and legal fees. In September 2019, City Court issued a "decision" finding in favor of plaintiffs but making some deductions for damage that was beyond normal wear and tear. In November 2019, defendant appealed to County Court. County Court, properly construing the paper appealed from to be a judgment, ultimately dismissed the appeal as untimely pursuant to UCJA 1703 (b). Defendant appeals.
On appeal, defendant argues that County Court erred in dismissing his appeal from City Court's judgment as untimely insofar as County Court granted him several extensions of time pursuant to 22 NYCRR 202.55 to "file the appeal." However, that rule governs the time an appellant has to perfect a civil appeal to County Court (see 22 NYCRR 202.55; Wightman v Genute, 78 AD3d 1281, 1282 [2010]), not the time a litigant has to take an appeal as of right from a small claims judgment (see UCJA 1703 [b]). As defendant has failed to identify a basis for disturbing County Court's timeliness determination, we affirm. In light of our conclusion, defendant's arguments concerning the merits of his claim are academic.
Garry, P.J., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.