■ In the Matter of JOAN SCIMECA, Respondent, v MICHAEL V. SCIMECA, Appellant.—Mikoll, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Family Court of Putnam County (Sweeney Jr., J.), entered January 11, 1990, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to contribute toward the college tuition of the parties' daughter.

Petitioner filed a petition in Family Court seeking enforcement of a judgment of divorce providing, *inter alia,* that each party would contribute to the expenses for their daughter's college tuition. Petitioner alleged that respondent failed to pay his share of the college tuition costs of their daughter. After an initial appearance before a Hearing Examiner, both parties exchanged financial disclosure affidavits and copies of paycheck stubs. Respondent's statement was unsworn. Respondent entered a general denial and claimed financial inability to contribute toward college expenses and that, in violation of the divorce decree, he had no input regarding a choice of

college as required by the decree. The matter was adjourned to October 12, 1989 for a hearing at which time respondent failed to appear. An inquest was held and testimony taken from petitioner. The Hearing Examiner found that respondent made two thirds of the combined parental income. He was ordered to pay $7,314 of his daughter's tuition. Thereafter, respondent filed objections to the Hearing Examiner's decision. Family Court, however, upheld the decision and also rejected respondent's attempt to open his default. This appeal ensued.

Respondent contends that he is entitled to a vacatur of the default judgment in that his counsel was led to believe that the matter would be adjourned and, therefore, their failure to appear was excusable. We disagree. In order to prevail, respondent was required to show that his default was excusable, that there was merit to his defense, an absence of willfulness and that no real prejudice resulted to the other party (see, *Passalacqua v Banat,* 103 AD2d 769). Respondent's affidavit of merit is inadequate in that his allegations of inability to pay college expenses are conclusory and thus insufficient (see, *Loeb v Tanenbaum,* 124 AD2d 941). Also, respondent has failed to make out excusable grounds for his failure to appear at the hearing.

Mahoney, P. J., Casey, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.