■ Mary Lucas, Appellant, v United Helpers Cedars Nursing Home, Respondent. [657 NYS2d 519] —Mikoll, J. P. Appeal from an order of the Supreme Court (Demarest, J.), entered September 26, 1996 in St. Lawrence County, which granted defendant's motion to vacate a default judgment entered against it.

The discrete issue here is whether Supreme Court abused its discretion in opening a default judgment. There is a judicial preference to decide cases on their merits. Courts have broad discretion to grant relief from defaults provided the moving party furnishes an affidavit of merit, the delay was neither willful, lengthy nor prejudicial, and the lost or misplaced mail can suffice as reasonable justification for a pleading delay (*see generally, Gray v B. R. Trucking Co.*, 59 NY2d 649; *Marine Midland Bank v Fanning*, 233 AD2d 600). The decision of a court to open a default judgment will not be disturbed without the improvident exercise of discretion (*see, Pisano v Tupper*, 177 AD2d 886).

The record discloses that defendant did not intend to abandon the action and that the delay in answering the complaint was not willful. By affidavits defendant established that upon receipt of the summons and complaint on June 3, 1996, these were forwarded to its insurance agent on the same day. On June 4, 1996 the agent mailed copies of the summons and complaint to the broker by certified mail. The documents were received by the broker on June 6, 1996. These were forwarded by facsimile to CNA Insurance Company in Chicago on June 6, 1996. CNA acknowledged receipt of the facsimile and stated in reply that the claim would be assigned to claims consultant Gerard Egan. The summons and complaint, however, were not received by Egan, the party responsible for retaining counsel to answer the complaint, until August 6, 1996, on which date he also received the instant order of default judgment. A motion to vacate the default was made on August 19, 1996.

It is obvious that CNA's internal operations failed in the delivery of the summons and complaint to Egan, the responsible agent. Defendant has submitted in affidavit form facts supporting a meritorious defense. The delay in answering was obviously not willful. Defendant did all in its power to send the documents to its insurance carrier in an expeditious fashion. The delay in interposing an answer from June 7, 1996, when the summons and complaint arrived at CNA's Chicago office, until August 19, 1996, when the motion to open the default was made, is not long and is attributable solely to a breakdown in CNA's internal apparatus or to mail delivery breakdown.

The misplacement and/or loss of the documents is reasonable justification for a pleading delay for which the insured should not be punished.

In view of the fact that plaintiff has suffered no demonstrable prejudice, we find no abuse in Supreme Court's decision to open the default.

Mercure, Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.