■ KIMBERLY R. CLINE, Appellant, v SUSAN SHORTER, Respondent. [664 NYS2d 932] —In an action to recover damages for defamation, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), dated May 7, 1996, as granted the defendant's motion to reargue and/or vacate her purported default in opposing a prior motion by the plaintiff to vacate an order of the same court dated November 16, 1995, entered on the plaintiff's default in appearing for a conference, which dismissed the complaint, and thereupon denied the plaintiff's motion and reinstated the November 16, 1995, order dismissing the complaint.

Ordered that the order is modified by deleting the provision thereof denying the plaintiff's motion to vacate the November 16, 1995, order and substituting therefor a provision granting the motion and reinstating the complaint on condition that the plaintiff's law firm, Kennedy & Associates, pay $750 to the defendant's law firm, John Ray & Associates, within 20 days after service of a copy of this decision and order with notice of entry; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that in the event the condition is not complied with, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court improvidently exercised its discretion in declining to vacate the plaintiff's default since she proffered a reasonable excuse for that default (*see,* CPLR 2005) and submitted an affidavit of merits demonstrating that her complaint has merit (*see, Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693). However, in view of the unnecessary appearances and motion practice which resulted from the conduct of the plaintiff's counsel, it is appropriate to require the payment of the sum of $750 as a condition of vacatur (*see, Pegalis v Gibson,* 237 AD2d 420; *Smith v New York Tel. Co.,* 235 AD2d 529).

We have not reviewed the court's subsequent order, dated July 22, 1996, denying the plaintiff's motion denominated as one for renewal. The motion was actually a motion for reargument, the denial of which is not appealable (*see, McGill v Polytechnic Univ.,* 235 AD2d 402; *King v Rockaway One Co.,* 202 AD2d 395). CPLR 5517 (b) permits appellate review of certain subsequent orders only if such orders are appealable as of right. Mangano, P. J., Copertino, Altman and Goldstein, JJ., concur.