■ Patricia Martin, Respondent, v Robert Pitcher, Appellant. [663 NYS2d 437] —Crew III, J. Appeal from an order of the County Court of Columbia County (Czajka, J.), entered December 23, 1996, which affirmed an order of the Justice Court of the Town of Ghent denying defendant's motion to vacate a default judgment entered against him.

In 1994, plaintiff purchased an automobile from defendant. Although not entirely clear from the record, it appears that problems thereafter developed with the vehicle, prompting plaintiff to commence this small claims action against defendant in the Justice Court of the Town of Ghent, Columbia County. Although defendant was notified in writing that a hearing would be held on December 11, 1995 at 7:00 p.m., he did not appear until sometime between 8:40 p.m. and 9:00 p.m., by which time a default judgment had been entered against him. Defendant's subsequent motion to vacate the default proved unsuccessful, as did his appeal to County Court, which affirmed Justice Court's order. This appeal by defendant ensued.

There must be a reversal. Although it is true that a motion to vacate a default judgment is a matter committed to the sound discretion of the trial court, it is equally true that a disposition on the merits is favored (*see, Matter of Waite v Whalen,* 215 AD2d 922, 923). Based upon our review of the record, we are satisfied that defendant met his burden of establishing both a reasonable excuse for the default and a meritorious defense (*see generally, McKay v Longman,* 199 AD2d 941).

Although reflecting some disagreement as to the precise time at which defendant advised Justice Court that he would be late to the hearing, the record nonetheless establishes that defendant indeed telephoned the court on the evening in question and appeared before the Town Justice presiding over the small claims hearing before court adjourned, thereby negating any inference of willfulness. Additionally, defendant promptly applied to vacate the default judgment, the moving papers suggest the existence of a meritorious defense and we are unable to discern any substantial prejudice to plaintiff. Under such circumstances, defendant's motion to vacate the default judgment should have been granted.

Mikoll, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, motion granted and default judgment entered against defendant vacated.