■ OLGA HANN, Respondent, v JOAN D. MORRISON et al., Appellants. [668 NYS2d 764] —Spain, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered November 27, 1996 in Fulton County, which, *inter alia*, denied defendants' motion to vacate a default judgment entered against them.

On November 24, 1994, plaintiff was injured in an automobile accident; more specifically, plaintiff sustained injuries when the car in which she was a passenger struck defendants' tow truck which was parked on the side of the roadway. Plaintiff commenced this action against defendants for negligence and defendants were personally served with a summons and complaint on June 13, 1995. On August 9, 1995, after defendants failed to respond within 20 days, a second summons and complaint were mailed to their last known residence. Thereafter, plaintiff's attorney contacted defendant Joan D. Morrison by phone and advised her of the failure of her insurance carrier to appear on her behalf; he also spoke to an employee at the legal office of defendants' insurance carrier by phone and later faxed to that employee's attention a copy of the summons and complaint. In October 1995 plaintiff moved for a default judgment and assessment of damages. On January 17, 1996 Supreme Court granted plaintiff's motion and, following a subsequent inquest, granted plaintiff a judgment in the amount of $500,000 plus costs and disbursements. Thereafter, defendants moved for an order vacating the default judgment. In an affidavit submitted in support of the motion, Joan Morrison stated that she forwarded the original summons and complaint to her insurance broker who advised her that it would be further forwarded to the insurance carrier, Eagle Insurance Company. In other submissions in support of the motion, employees of Eagle and its in-house counsel unequivocally state

that the summons and complaint were not received by mail or fax prior to the inquest and Supreme Court's granting of the monetary judgment. Without stating its reasoning, Supreme Court denied the motion. Defendants appeal.

We reverse. "[I]t is well settled that in order to vacate a default, the moving party must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense" (*Mezail v Ryder Truck Rental*, 241 AD2d 902, 903; *see,* CPLR 5015 [a] [1]). Further, although the decision whether to vacate a default judgment rests within the sound discretion of the trial court, "it is equally true that a disposition on the merits is favored" (*Martin v Pitcher*, 243 AD2d 1023; *see, Matter of Waite v Whalen*, 215 AD2d 922, 923). As we have previously held, absent willfulness on the part of a defendant, lost or misplaced mail can serve as a reasonable excuse for a pleading delay (*see, Lucas v United Helpers Cedars Nursing Home,* 239 AD2d 853, 854; *Mitchell v Mid-Hudson Med. Assocs.,* 213 AD2d 932, 932-933; *Tiger v Town of Bolton,* 150 AD2d 889, 890).

Here, counsel for defendants affirm that they did not learn of the action until they were contacted by Eagle notifying them that a judgment in the amount of $501,015 had been entered against defendants. Their pleadings clerk stated that after he performed a diligent search of the records, he was unable to locate an entry for the receipt of a summons and complaint for this action until April 1996. One of defendants' attorneys further indicated that she spoke with defendants' insurance broker who affirmed that he received the summons and complaint from defendants and that he faxed the documents to Eagle; however, they were never received. According to defendants' counsel, the broker also stated that he had mailed the summons and complaint to Eagle; however, the offices had moved and although mail forwarding was in effect, the summons and complaint were not received. It is our view that, despite the concerted efforts of plaintiff's attorney to get defendants' insurance carrier to appear, defendants have set forth a reasonable excuse for their delay in the form of lost or misplaced mail. Furthermore, upon review of the police report and the affidavits submitted in support of their motion, wherein it is asserted that the tow truck was safely parked off the roadway on the shoulder with its emergency flashers on, we conclude that defendants have sufficiently set forth the existence of a meritorious defense (*see, All States Med. Placement Agency v Kripke,* 223 AD2d 953, 954-955; *Dwyer v West Bradford Corp.,* 188 AD2d 813, 815).

We also find merit in defendants' contention that the default judgment is a nullity because plaintiff's motion for a default judgment was defective, i.e., it did not include an affidavit by a party setting forth the facts constituting the claim, nor was the complaint verified (see, CPLR 3215 [f]). Although defendants acknowledge that they did not raise this issue in Supreme Court, they contend that this Court has the discretion to decide the issue regardless. Notably, this Court has held that when a defect is made in the pleadings on a CPLR 3215 (f) motion and the issue was not raised before the trial court, such an error "is apparent upon the face of the record and would have been irrefutable by plaintiff had it been properly raised, [and therefore] this court may consider it on appeal" (Woodward v Eighmie Moving & Stor., 151 AD2d 892, 893; see, Mueller v Funk, 84 AD2d 533). CPLR 3215 (f) requires a party moving for a default judgment to submit either an affidavit asserting the facts that comprise the claim or a verified complaint, in which case the verified complaint may serve as the affidavit of merits. On an application for a default judgment, where the "affidavit of the facts constituting the claim was made by [the plaintiff's] attorney, and not by a party as required by [CPLR 3215 (f)]", the default judgment is a nullity and should be vacated (Torian v Allstate Ins. Co., 92 AD2d 1042; see, Colonial Country Club v Village of Ellenville, 88 AD2d 1027, 1027-1028).

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, motion granted, default judgment against defendants vacated and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.