■ MICHAEL WILCOX, Respondent, v U-HAUL COMPANY, INC., et al., Appellants. [681 NYS2d 909] —Spain, J. Appeal from an order of the Supreme Court (Lynch, J.), entered September 10, 1997 in Schenectady County, which denied defendants' motion to vacate a default judgment entered against them.

In October 1991 plaintiff purchased a boat trailer and hitch from defendant U-Haul Company, Inc. in the Village of Scotia, Schenectady County. On or about October 14, 1991, plaintiff was involved in an accident; more specifically, plaintiff alleges that he was injured when the trailer and boat he was towing detached and struck his vehicle. Plaintiff commenced this action by filing a summons with notice on October 6, 1994. On February 3, 1995, service was made on defendant Amerco Lease Company, a foreign corporation, by serving the Secretary of State. The Secretary of State forwarded the summons to Amerco by certified mail, return receipt requested, and the record reveals that on February 13, 1995, a representative of Amerco signed for and accepted service.

Thereafter, Herbert Allen, a claims manager for Republic Claims Service Company, U-Haul's claims service, made contact with plaintiff's former attorney. Following an investigation of the claim by Republic, the claim was denied. It is uncontroverted that defendants both failed to appear and, on December 6, 1996, plaintiff moved for and was subsequently granted a default judgment against both defendants; an amended default judgment was entered on May 2, 1997.* Following receipt of the notice of the amended default judgment, defendants moved to vacate the judgment. Supreme Court denied the motion and this appeal ensued.

We now reverse. It is well settled that in order to vacate a default judgment, the moving party must establish both a reasonable excuse for the default and the existence of a meritorious defense (*see*, CPLR 5015 [a] [1]; *see also*, *Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138, 141; *Steel Krafts*

---

* The record reveals that U-Haul was never served in this action and the amended default judgment is against Amerco only.

*Bldg. Materials & Supplies v Komazenski*, 247 AD2d 706; *Hannie v Smith*, 246 AD2d 803). Further, the movant must also show an absence of willfulness and that the other party did not suffer any real prejudice (*see, Matter of Scimeca v Scimeca*, 174 AD2d 830, 831). "[A]lthough the decision whether to vacate a default judgement rests within the sound discretion of the trial court, 'it is equally true that a disposition on the merits is favored'" (*Hann v Morrison*, 247 AD2d 706, 707, quoting *Martin v Pitcher*, 243 AD2d 1023). Also, as has been previously held, lost or misplaced mail, absent willfulness by the defendant, will suffice as a reasonable excuse for delay (*see, Hann v Morrison, supra; Lucas v United Helpers Cedars Nursing Home*, 239 AD2d 853, 854; *Mitchell v Mid-Hudson Med. Assocs.*, 213 AD2d 932, 933).

Here, defense counsel learned of the action after being informed of the original default judgment by plaintiff's attorney. Defendants were unable to locate the summons with notice for this action which was apparently lost between Amerco and its insurance carrier, Republic. In our view, Amerco has provided a reasonable excuse for its failure to appear in the form of confusion and misunderstanding between itself and Republic which led to lost or misplaced paperwork (*Hann v Morrison, supra; see, Lucas v United Helpers Cedars Nursing Home, supra*); moreover, there is no evidence that Amerco's failure to appear was willful or intentional (*see, Lucas v United Helpers Cedars Nursing Home, supra; Carron v De Granpre*, 55 AD2d 712). Further, we find that Amerco has set forth a meritorious defense regarding the existence of a causal connection between the sale of the hitch and plaintiff's accident (*see, Martin v Pitcher, supra; Matter of Waite v Whalen*, 215 AD2d 922). Additionally, Amerco promptly moved to vacate the default judgment and we find that no significant prejudice will accrue to plaintiff by vacating the default judgment (*see, Cerrone v Fasulo*, 245 AD2d 793). Since Amerco has satisfied its burden and a disposition on the merits is favored, the default judgment should be vacated.

In light of our findings, we need not address Amerco's remaining contentions.

Cardona, P. J., Mercure, White and Graffeo, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, motion granted, default judgment against defendant Amerco Lease Company vacated and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.