■ CHASE MANHATTAN AUTOMOTIVE FINANCE CORPORATION, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [708 NYS2d 174] —Peters, J. Appeal from an order of the Supreme Court (Canfield, J.), entered December 15, 1999 in Albany County, which granted defendant's motion to vacate a default judgment entered against it.

In December 1997, plaintiff leased an automobile (hereinaf-

ter the vehicle) to Monir Chaudhry and Chodury Ghuman (hereinafter the lessees). Pursuant to the terms of the lease,[1] it is alleged that plaintiff was to be designated the titled owner of the vehicle and that the lessees were to obtain and maintain full comprehensive, collision and theft insurance on the vehicle. Accordingly, Ghuman obtained such insurance from defendant and allegedly designated plaintiff as an additional loss payee. In May 1998, the vehicle was reported stolen and Ghuman filed a claim with defendant for the vehicle's loss. After defendant's investigation, coverage was denied due to, *inter alia*, allegations that the contractual duty to cooperate during the claim verification process was breached[2] and because the investigation revealed that the loss of the vehicle was due to fraud by Ghuman.

Plaintiff commenced the instant action on June 23, 1999 seeking reimbursement for the loss. Process was served on the Insurance Department (hereinafter the Department) on June 28, 1999, which failed to forward copies of the summons and complaint to defendant until July 19, 1999. Although postmarked the following day, copies were not received by defendant until July 27, 1999. When defendant failed to serve an answer or otherwise appear by August 6, 1999, plaintiff successfully moved for a default judgment.

Upon securing local defense counsel on Friday, August 13, 1999, immediate contact was attempted with plaintiff's counsel to extend defendant's time to answer. When actual contact was made on Monday, August 16, 1999, defense counsel was advised that a default judgment had already been obtained. This prompted counsel's request that they stipulate to vacate the default judgment pursuant to CPLR 5015 (b). Upon rejection of the request, defense counsel moved on August 27, 1999 for vacatur. The granting of that motion prompted this appeal.

Vacatur of a default judgment lies within the discretion of the trial court, a determination that should not be disturbed unless it reflects an "improvident exercise of discretion" (*Lucas v United Helpers Cedars Nursing Home*, 239 AD2d 853; *see*, *Wilcox v U-Haul Co.*, 256 AD2d 973; *Hann v Morrison*, 247 AD2d 706). To succeed, the movant is required to demonstrate both a reasonable excuse for the default and a meritorious defense (*see*, CPLR 5015 [a] [1]; *Hann v Morrison, supra*; *Select*

---

1. A copy of the lease was not included in the record on appeal.

2. Defendant details in its denial letter to Ghuman that he, *inter alia*, filed or refused to submit a legible lease agreement, failed to return an executed transcript of his deposition, and failed to execute a sworn statement and proof of loss within 60 days of the form being sent.

*Papers v College Promotions Corp.*, 241 AD2d 675, *lv dismissed* 91 NY2d 956). Absent a finding of willfulness, we have found that "lost or misplaced mail can serve as a reasonable excuse for a pleading delay" (*Hann v Morrison, supra*, at 707; *see, Wilcox v U-Haul Co., supra*; *Lucas v United Helpers Cedars Nursing Home, supra*).

Here, the record fully supports the finding that defendant's failure to timely answer resulted from the Department's delay in forwarding the summons and complaint. Evidence established that these documents were not received by defendant until July 27, 1999, leaving only one day within which to file a timely answer or otherwise appear in the action (*see*, CPLR 320). Record evidence further established that defendant promptly moved to retain local counsel who immediately sought to vacate the default. With the record bereft of any viable allegations that the delay was willful, lengthy or prejudicial to plaintiff (*see, Wilcox v U-Haul Co., supra*; *Kasriels v Barnard Coll.*, 256 AD2d 909; *Lucas v United Helpers Cedars Nursing Home, supra*), we find no error.

As to the contention that defendant failed to allege a meritorious defense, we agree that conclusory allegations, without more, will not suffice (*see, David Sanders, P. C. v Sanders, Architects*, 140 AD2d 787, 789). Yet, "a defendant is only required to make a prima facie showing of legal merit * * * and is not required to establish a defense as a matter of law" (*id.*, at 789 [citation omitted]). The affidavit submitted by defense counsel, listing the chronology of events precipitating the default with documentary evidence supporting each and every allegation therein, met that burden as it served as a vehicle to submit documentary proof (*see, Grossberg Tudanger Adv. v Weinreb*, 177 AD2d 377). Counsel includes the denial letter sent by defendant which detailed the contractual provisions alleged to be breached along with the basis for the allegation that Ghuman fraudulently filed the claim. The proposed answer to the complaint, also included in such proffer, contained additional defenses indicating that Ghuman, as the individual to whom the policy was issued, should have been named as a codefendant and that the named defendant is not a proper party since it was not a party to the written lease agreement. Finally alleging that plaintiff was never designated on the policy as an "additional insured" or a "loss payee", defendant contends that plaintiff does not have an insurable interest in the vehicle, thereby precluding all of its claims as a third-party beneficiary of the policy.

As defense counsel was in possession of all the documenta-

tion relevant to this matter and focused not only on the terms of the policy but also the absence of those documents in his file which culminated in defendant's contention that Ghuman breached the provisions of the insurance policy,[3] the affidavit of counsel further sufficed as an affidavit of merit (*see, Barasch v Micucci,* 49 NY2d 594, 599).

Under the circumstances here presented, we find that Supreme Court's vacatur of the default judgment did not constitute an "improvident exercise of discretion" (*Lucas v United Helpers Cedars Nursing Home, supra,* at 853).

Mercure, J. P., Crew III, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.