■ MERRY L. BENNETT, Appellant, v RICHARD NARDONE, Respondent. [714 NYS2d 775] —Rose, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered October 5, 1999 in Ulster County, which denied plaintiff's motion to vacate a default judgment entered against her.

The parties were married in 1966 and divorced in 1976. Following their subsequent remarriages to and divorces from others, they reunited and lived together until defendant left plaintiff to marry someone else. In May 1997, plaintiff commenced an action against defendant based on his failure to keep promises allegedly made in exchange for plaintiff's conveyance of her interest in certain jointly owned real property. Defendant commenced a separate action against plaintiff, and the two were consolidated in February 1999.

After plaintiff's counsel applied to withdraw based upon allegations of plaintiff's failure to cooperate, Supreme Court held on March 19, 1999, that plaintiff had discharged her counsel. The court asked plaintiff how much time she would need to obtain new counsel and afforded her significantly more time than she requested, while strongly admonishing her that she had a deadline of May 3, 1999 to respond to defendant's pending motions. On May 3, 1999, however, plaintiff appeared without counsel and without any response to the motions. Only then did plaintiff seek an additional adjournment, stating that she had found an attorney to represent her and would be signing a retainer agreement shortly.

Supreme Court responded by granting defendant's outstanding motions for preclusion and an order striking plaintiff's pleadings. Defendant obtained a default order and judgment against plaintiff, who then moved to vacate. Supreme Court denied vacatur and noted that defendant's motions were granted due to plaintiff's default not only in failing to obtain new counsel and respond to defendant's long-pending motions, but also in failing to comply with prior court orders throughout the course of the litigation. Plaintiff now appeals and, relying on this Court's holding in *Busone v Bellevue Maternity Hosp.* (266 AD2d 665), argues that Supreme Court abused its discretion in denying her motion to vacate.

We will not disturb Supreme Court's determination of a motion to vacate a default judgment unless it reflects an "improvident exercise of discretion" (*Lucas v United Helpers Cedars Nursing Home*, 239 AD2d 853; *see, Wilcox v U-Haul Co.*, 256 AD2d 973; *Hann v Morrison*, 247 AD2d 706). To succeed, the movant must demonstrate both a reasonable excuse for the default and a meritorious defense (*see,* CPLR 5015 [a] [1]; *Busone v Bellevue Maternity Hosp., supra,* at 667-668; *Hann v Morrison, supra*; *Select Papers v College Promotions Corp.,* 241 AD2d 675, *lv dismissed* 91 NY2d 956). However, where the record reveals an "overall pattern of noncompliance and delay", Supreme Court may properly infer that the defaulting party's conduct was willful and decline to vacate the default judgment (*Robinson Saw Mill Works v Speilman,* 265 AD2d 604, 606; *see, Colonie Constr. Prods. v Titan Indem. Co.,* 265 AD2d 716, 719; *Burlew-Watkins v Wood,* 225 AD2d 973, 974).

Here, plaintiff's neglect to prosecute her claim and failure to comply with unambiguous court directives constitute a long-term pattern that renders her proffered excuse unreasonable and amply supports Supreme Court's exercise of its discretion in denying her application. While we found no abuse of discretion in granting vacatur where the defaulting party's short delay in obtaining new counsel was explained, not willful, and therefore excusable (*see, Busone v Bellevue Maternity Hosp., supra*), the record here reveals that plaintiff repeatedly failed to comply with court orders. Thus, this default judgment was based on considerably more than plaintiff's failure to retain new counsel by the appointed date.

Mercure, J. P., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.