■ Howard Carr, as Receiver of Queensbury Factory Outlet Center, Appellant, v Gary N. Decesare, Respondent. [720 NYS2d 411] —Lahtinen, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered November 16, 1999 in Warren County which, *inter alia*, granted defendant's cross motion to vacate a default judgment entered against him.

Plaintiff brought this action against defendant to collect unpaid rents. The complaint included causes of action for an account stated and counsel fees provided for in the lease between the parties. Defendant was duly served with the summons and complaint, given the requisite CPLR 3215 (g) (3) notice and, upon his failure to answer the complaint, a default judgment was entered against him. Plaintiff thereafter served defendant with notice of the default judgment and an information subpoena. Upon defendant's failure to answer the subpoena questionnaire, plaintiff moved for an order holding defendant in contempt. Defendant responded with a cross motion to vacate the default judgment. Supreme Court denied plaintiff's contempt motion and granted defendant's cross motion, finding his default excusable, and permitted defendant to answer the complaint. Plaintiff now appeals.

Supreme Court's determination of a motion to vacate a default judgment will not be disturbed absent an " 'improvident exercise of discretion' " (*Bennett v Nardone*, 276 AD2d 854, 855, quoting *Lucas v United Helpers Cedars Nursing Home*, 239 AD2d 853) and we note that "[t]here is a judicial preference to decide cases on their merits" (*Lucas v United Helpers Cedars Nursing Home, supra*, at 853; *see, Hann v Morrison*, 247 AD2d 706, 707). The party seeking to vacate a default must demonstrate both a reasonable excuse for the default and a meritorious defense or cause of action (*see*, CPLR

5015 [a] [1]; *Busone v Bellevue Maternity Hosp.*, 266 AD2d 665, 667). The vacatur of a default where there is a failure to establish either a reasonable excuse or a meritorious defense or cause of action has been held to be an improvident exercise of discretion (*see, General Elec. Tech. Servs. Co. v Perez*, 156 AD2d 781, 783).

Defendant's excuse for his default is based on his claim that he personally spoke to plaintiff indicating that he had not been properly credited with all the rents paid on the lease and plaintiff represented that he would get back to him but never did. Defendant's meritorious defense was supported by proof substantiating payment of the allegedly uncredited rents by an affidavit from his former partner who averred that he paid money for a release from plaintiff and that this payment was to reduce moneys that he and defendant owed under the lease. Plaintiff countered with, *inter alia*, his affidavit in which he denied speaking to defendant after turning this matter over to his attorneys for collection and averred that the charges in the complaint, upon which the default judgment was entered, "were additional expenses and costs" chargeable to defendant but failed to identify such additional expenses and costs, proof which may have permitted this Court to conclude that defendant's alleged defense had no merit. On the submissions we have before us, however, we conclude that Supreme Court did not improvidently exercise its discretion in granting defendant's cross motion to vacate his default.

Turning to Supreme Court's denial of plaintiff's application for contempt, we note that civil contempt punishments are remedial in nature and are intended to compensate or indemnify the party seeking the remedy, not to punish the alleged offender (*see, State of New York v Unique Ideas*, 44 NY2d 345, 349; *Frankel v Frankel*, 111 AD2d 447, 448). Given the purpose of civil contempt, and in light of Supreme Court's vacatur of the default judgment against defendant, plaintiff's right to any discovery sought pursuant to the information subpoena (*see,* CPLR 5223, 5224 [a] [3]) no longer exists and the denial of the contempt application based thereon was proper.

Peters, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.