■ KENNETH A. FRANK, Appellant, v DONNA J. MARTUGE, Respondent. [728 NYS2d 315] —Rose, J. Appeals (1) from an order of the Supreme Court (Canfield, J.), entered May 11, 2000 in Rensselaer County, which granted defendant's motions to vacate a default judgment and to change venue to Westchester

County, and (2) from an order of said court, entered September 26, 2000 in Rensselaer County, which denied plaintiff's motion to renew.

Plaintiff brought this action to recover moneys allegedly loaned to defendant, his former girlfriend. Based on an affidavit of service and defendant's failure to answer, plaintiff obtained a default judgment against her. When plaintiff then took steps to enforce the judgment, defendant moved to vacate the default and change venue from Rensselaer County to Westchester County. Supreme Court granted defendant's motions and permitted her to answer the complaint. Plaintiff appeals, and we affirm.

Supreme Court's determination of a motion to vacate a default judgment will not be disturbed absent an " 'improvident exercise of discretion' " (*Bennett v Nardone*, 276 AD2d 854, 855, *lv dismissed* 96 NY2d 754, quoting *Lucas v United Helpers Cedars Nursing Home*, 239 AD2d 853) and we note that "[t]here is a judicial preference to decide cases on their merits" (*Lucas v United Helpers Cedars Nursing Home, supra,* at 853; *see, Hann v Morrison*, 247 AD2d 706, 707). While the party seeking to vacate a default must demonstrate both a reasonable excuse for the default and a meritorious defense or cause of action (*see,* CPLR 5015 [a] [1]), as well as an absence of willfulness and a lack of prejudice to the opposing party (*see, Asterino v Asterino & Assocs.*, 275 AD2d 517, 519), the sufficiency of the defaulting party's affidavit is " 'ordinarily * * * left to the discretion of the lower courts' " (*Fidelity & Deposit Co. v Andersen & Co.*, 60 NY2d 693, 695, quoting *Barasch v Micucci*, 49 NY2d 594, 599).

Here, defendant offered a plausible excuse for her default and asserted that she owed no money to plaintiff because the payments alleged in the complaint reflected plaintiff's repayment of debts owed to her rather than loans made to her. Although plaintiff and his process server disputed defendant's statements, they nonetheless raised issues of fact which Supreme Court, in its discretion, found sufficient to establish a reasonable excuse and meritorious defense. We also reject plaintiff's contention that defendant was required to proffer a proposed answer as a prerequisite to the vacatur of a default judgment. While a proposed answer should accompany a motion to vacate (*see, Hilldun Corp. v Scarboro Textiles*, 73 AD2d 535, 535), it was not necessary in this case where defendant's affidavit sufficiently set forth the existence of a meritorious defense to plaintiff's claim (*see, Olivetti Leasing Corp. v Mar-Mac Precision Corp.*, 117 Misc 2d 865, 868; *see generally, Cline*

*v Shorter*, 242 AD2d 660, 661; *Maines Paper & Food Serv. v Farmington Foods*, 233 AD2d 595, 596; *Masino v Wisla*, 201 AD2d 373). Thus, in light of the relatively brief delay and absent evidence of defendant's willfulness or prejudice to plaintiff, we conclude that Supreme Court did not improvidently exercise its discretion in granting defendant's motion to vacate her default.

Turning to Supreme Court's grant of defendant's application for a change of venue, we note that defendant alleged and Supreme Court found that both parties were residents of Westchester County (*see*, CPLR 510). Although plaintiff contends that he maintains a vacation home in Rensselaer County, he does not dispute that his permanent residence is in Westchester County, where the transactions giving rise to this claim occurred. Also, he has a related action against defendant currently pending there. As it is well settled that venue motions are within the discretion of the trial court and venue determinations will generally be upheld unless there is a demonstrated abuse of that discretion (*see*, *Matter of Hurst v Board of Educ.*, 242 AD2d 130, 132, *appeal dismissed, lv denied* 92 NY2d 914), we decline to disturb Supreme Court's change of venue here. We have reviewed plaintiff's remaining contentions and find them to be without merit.

Mercure, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the orders are affirmed, with costs.