(November 29, 2001)

■ R.I.C.E. Corporation, Plaintiff, v Metropolitan Life Insurance Company et al., Defendants. Metropolitan Life Insurance Company, Third-Party Plaintiff-Appellant, v Turner Construction Company, Third-Party Defendant-Respondent. [734 NYS2d 428] —Order, Supreme Court, New York County (Edward Lehner, J.), entered May 5, 2000, which denied the motion of defendant and third-party plaintiff Metropolitan Life Insurance Company (Met Life) to vacate an October 15, 1999 order dismissing the third-party complaint on default, unanimously reversed, on the law, with costs, the motion granted and the third-party complaint reinstated.

The record shows that Turner Construction Company (Turner), the dismissed defendant and subsequent third-party defendant (*see, Raquet v Braun*, 90 NY2d 177), consented to a finding of excusable neglect on the part of Met Life and that Met Life demonstrated that its claims against Turner were meritorious.

Therefore, it was error to deny Met Life's motion to vacate the dismissal of its third-party complaint (*see, Chase Manhattan Automotive Fin. Corp. v Allstate Ins. Co.*, 272 AD2d 772, 774-775; *Peacock v Kalikow*, 239 AD2d 188). Met Life's submission of its undisputed contract with Turner and of the current property manager's affidavit of merit, based upon his review of files kept by his predecessor at the time of the construction work, was sufficiently specific to make a prima facie showing that its claims, sounding in negligence and common-law and contractual indemnification, had legal merit (*see, Chase Manhattan Automotive Fin. v Allstate Ins. Co., supra*). Concur—Rosenberger, J. P., Williams, Mazzarelli and Rubin, JJ.