■ WARREN J. NULTY, Appellant, v JAY WOLFF et al., Respondents. [738 NYS2d 715] —Spain, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered May 29, 2001 in Washington County, which granted defendants' motion to vacate a default judgment entered against them.

Plaintiff commenced this negligence action in September 2000, alleging that he sustained a broken jaw and other injuries during an incident which occurred at a social event at defendant Fred Wolff's dairy farm in the Town of Easton, Washington County, on April 27, 1998. Plaintiff claimed that defendant Jay Wolff punched him in the jaw after a verbal confrontation between plaintiff and his former girlfriend, then Jay Wolff's girlfriend, who allegedly kicked plaintiff in the head. After an investigation, no criminal charges were brought against defendants. Plaintiff served defendants with the summons and complaint on October 2, 2000 and, on November 14, 2000, moved for a default judgment based upon defendants' failure to file an answer, which Supreme Court granted by order entered December 18, 2000.

On March 1, 2001, defendants moved to vacate the default

judgment and Supreme Court granted the motion in a written decision determining that defendants had demonstrated a reasonable excuse for their default and a potentially meritorious defense (*see*, CPLR 5015 [a] [1]). On plaintiff's appeal, we affirm, finding ample support in the record for the court's discretionary decision (*see*, *Matter of Twin Towers Assoc., Ltd. Partnership of Albany v Board of Assessors of City of Albany*, 261 AD2d 705, 706).

To be relieved of a judgment on the ground of excusable default (*see*, CPLR 5015 [a] [1]), a party "must establish that there was a reasonable excuse for the default and a meritorious claim or defense" (*Pekarek v Votaw*, 216 AD2d 829, 830; *see*, *Matter of Twin Towers Assoc., Ltd. Partnership of Albany v Board of Assessors of City of Albany*, *supra* at 706). The affidavits submitted by defendants and their attorney establish that, based upon threats communicated to them, they feared that they would be harmed or their farm and livestock destroyed if they opposed plaintiff's lawsuit. This, combined with defendants' mistaken belief that the State Police investigation report of the incident would protect them as it documented witness accounts that plaintiff was not lawfully on their premises and was the aggressor who provoked the incident, support Supreme Court's finding that defendants had a reasonable excuse for their default (*see*, *Chase Manhattan Automotive Fin. Corp. v Allstate Ins. Co.*, 272 AD2d 772, 773-734; *cf.*, *Schiavetta v McKeon*, 190 AD2d 724). Further, the record supports the conclusion that defendants' default was not willful (*see*, *Matter of Twin Tower Assoc., Ltd. Partnership of Albany v Board of Assessors of City of Albany*, *supra* at 707).

With regard to the existence of a potentially meritorious defense to plaintiff's negligence claims, the affidavits in support of defendants' motion, as well as the State Police investigation report, fully support the finding that defendants made a prima facie showing of a meritorious defense (*see*, *Chase Manhattan Automotive Fin. Corp. v Allstate Ins. Co.*, *supra* at 774). Additionally, defendants promptly retained counsel and moved to vacate the default judgment, and have shown that plaintiff's claims of prejudice from this slight delay are wholly unconvincing (*see*, *Cippitelli v Town of Niskayuna*, 277 AD2d 540, 543; *Wilcox v U-Haul Co.*, 256 AD2d 973, 974). Accordingly, plaintiff has failed to offer any basis upon which this Court should disturb Supreme Court's discretionary decision to vacate the default judgment.

Mercure, J.P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.