◼ VINCENTINE SINGH, Individually and as Parent and Guardian of NIKOLAI SINGH, an Infant, Respondent, v CATAMOUNT DEVELOPMENT CORPORATION et al., Appellants. [760 NYS2d 904] —Lahtinen, J. Appeal from an order of the Supreme Court (Stein, J.), entered November 6, 2002, in Columbia County, which, inter alia, denied defendants' motion for a change of venue.

Nikolai Singh was injured while skiing at Catamount Ski Area, which is comprised of terrain located both in New York and Massachusetts. His accident occurred while skiing on terrain in Massachusetts. He initially received medical treatment at a nearby hospital in Great Barrington, Massachusetts, and subsequently came under the care of physicians in New York County, which is where Singh resides with his parents. Plaintiff commenced this action in Supreme Court, New York County. Defendants moved to change venue to Columbia County, which is the location of the New York portion of the ski center and its principal offices.* Supreme Court denied defendants' motion and this appeal ensued.

A party seeking a discretionary change of venue pursuant to CPLR 510 (3) bears the burden of demonstrating that a change is appropriate and, generally, must support the application with detailed relevant information establishing that the convenience of the nonparty witnesses would be enhanced by the change (*see Stainbrook v Colleges of Senecas*, 237 AD2d 865

---

* Defendants had served a demand to change venue as of right based upon information indicating that plaintiff resided in Massachusetts (*see* CPLR 511 [b]). Plaintiff failed to serve an affidavit contesting this information within five days and, thus, defendants made their motion in Columbia County (*see* CPLR 511 [b]). After the motion was filed, plaintiff submitted affidavits relating that he resided in New York County and had a vacation home in Massachusetts. This representation is ostensibly not contested since defendants have limited their argument on appeal to a discretionary change of venue (*see* CPLR 510 [3]) and no longer argue a change as of right (*see* CPLR 510 [1]).

[1997]; *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169 [1995]; *Andros v Roderick*, 162 AD2d 813 [1990]). Here, the parties do not contest that the incident occurred outside of New York State, and plaintiff has established that he resided in New York County when the action was commenced. The record reveals potential nonparty witnesses from, in or near Columbia County (i.e., ski patrol members who responded to the accident) and also from, in or near New York County (i.e., two individuals who were skiing with Singh). Similarly, there are physicians from the general vicinity of both locales who may be called upon to provide relevant information. Supreme Court discussed in detail the issues raised by the parties, including the convenience of the various nonparty witnesses, and we are not persuaded that the court strayed beyond the parameters of its discretion in denying defendants' motion (*see Frank v Martuge*, 285 AD2d 938, 940 [2001]; *Smart v Schweizer*, 255 AD2d 856, 857-858 [1998]).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.