Manchester Technologies, Inc., Appellant, v Brian Hansen et al., Respondents. [776 NYS2d 333]—

Mugglin, J. Appeal from an order of the Supreme Court (Connor, J.), entered September 16, 2003 in Columbia County, which granted defendants' motion for a change of venue.

Plaintiff venued this action against defendants for breach of employment agreements in Columbia County, designated in its complaint as "a principal place of business." Following joinder of issue, defendants moved to change venue to Suffolk County. Supreme Court granted the motion and plaintiff appeals, contending that defendants failed to properly identify material nonparty witnesses who would be inconvenienced by plaintiff's choice of venue.

We affirm. It is well settled that venue determinations lie within the sound discretion of a trial court and will be upheld unless they constitute a clear abuse of that court's discretion (*see Frank v Martuge*, 285 AD2d 938, 940 [2001]). Further, "[a] party seeking a discretionary change of venue pursuant to CPLR 510 (3) bears the burden of demonstrating that a change is appropriate and, generally, must support the application with detailed relevant information establishing that the convenience of the nonparty witnesses would be enhanced by the change" (*Singh v Catamount Dev. Corp.*, 306 AD2d 738, 738 [2003]). Although defendants have failed to disclose the names and addresses of some witnesses for fear of reprisal by plaintiff, we are nonetheless satisfied that defendants' submissions have adequately identified the witnesses to be called, their willingness to testify, the substance, necessity and materiality of their expected testimony, and the inconvenience they would experience if venue were to remain in Columbia County (*see id.* at 739; *compare Boral v Clarkson Univ.*, 270 AD2d 776, 777 [2000]). Plaintiff does not dispute that all witnesses identified were either employed in plaintiff's Suffolk County offices or conducted business therewith when the transactions giving rise to this action occurred. Moreover, defendants have moved to consolidate actions that plaintiff commenced in Suffolk County against three of these potential witnesses.

We further conclude that plaintiff has failed to submit opposing evidence sufficient to support Columbia County as its choice of venue (*see Geraghty v Agway*, 289 AD2d 1016, 1017 [2001];

*Frank v Martuge, supra* at 940; *cf. Vasta v Village of Liberty*, 235 AD2d 1006, 1007 [1997]). Although plaintiff has produced a certificate of incorporation, amended in December 2002 to designate Columbia County as the new location of its corporate office, it does not dispute that it continues to list its office in the Town of Hauppauge, Suffolk County, as its principal executive office with the Department of State or that all witnesses, parties and transactions associated with this lawsuit are located there. Indeed, we note from plaintiff's Internet Web site, downloaded on May 27, 2003 and included in the record before us, that there is no reference to any office in Columbia County, although it lists its Hauppauge office as its corporate headquarters. Notwithstanding plaintiff's assertion that this omission constitutes an oversight, and absent any other showing by plaintiff of a sufficient nexus between this action and Columbia County, we find that the most compelling facts and circumstances submitted for our review support the conclusion that transferring venue to Suffolk County would promote the "convenience . . . and the ends of justice" for all concerned (CPLR 510 [3]; *see Association of Cable Access Producers v Public Serv. Commn.*, 1 AD3d 761, 764 [2003]; *Port Bay Assoc. v Soundview Shopping Ctr.*, 197 AD2d 848, 849 [1993]). Accordingly, we cannot say that Supreme Court abused its discretion in granting defendants' motion for a change of venue to Suffolk County.

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.