■ GARY J. ZIMET, Respondent, v ROSEMARY BUFANO, Appellant, et al., Defendant. [884 NYS2d 880]—

In an action to recover damages for breach of contract, the defendant Rosemary Bufano appeals from an order of the Supreme Court, Rockland County (Garvey, J.), dated June 27, 2008, which denied her motion to vacate a judgment of the same court entered February 20, 2007, upon her default in answering, which, after an inquest on the issue of damages, was in favor of the plaintiff and against her in the principal sum of $57,350.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion to vacate the judgment is granted.

In order to prevail on a motion to vacate a judgment entered upon default, a defendant is required to demonstrate both a reasonable excuse for its default and a meritorious defense (*see Fekete v Camp Skwere*, 16 AD3d 544, 545 [2005]; *Amato v Fast Repair, Inc.*, 15 AD3d 429 [2005]; *Costanza v Gold*, 12 AD3d 551, 552 [2004]; *Czarnik v Urban*, 10 AD3d 627 [2004]). In this case, the defendant provided a reasonable excuse for her default. In addition, the defendant demonstrated the existence of a potentially meritorious defense, including whether the claims made by the plaintiff in this case had been settled by the parties in 2001 during prior litigation. Rivera, J.P., Dillon, Covello, Eng and Hall, JJ., concur.