■ SANDRA GERDES, Respondent, v LUZ CANALES et al., Appellants, et al., Defendants. [903 NYS2d 499]—

In an action to recover damages for personal injuries, the defendants Luz Canales and Action Auto Leasing Corporation appeal from an order of the Supreme Court, Queens County (Schulman, J.), dated August 8, 2008, which denied their motion to vacate a judgment of the same court entered September 24, 2007, upon their default in appearing and answering the complaint and after an inquest on the issue of damages, in favor of the plaintiff and against them in the principal sum of $3,513,853.80.

Ordered that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the motion of the defendants Luz Canales and Action Auto Leasing Corporation to vacate the judgment is granted, the answer annexed to the motion papers is deemed served upon the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

A defendant seeking to vacate a default in appearing and answering on the ground of excusable neglect must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (*see* CPLR 5015 [a] [1]; *Perfect Care, Inc. v Ultracare Supplies, Inc.*, 71 AD3d 752 [2010]; *Rothstein v Collazo*, 65 AD3d 1213 [2009]; *Zimet v Bufano*, 65 AD3d 1037 [2009]; *Westchester Med. Ctr. v Hartford Cas. Ins. Co.*, 58 AD3d 832 [2009]). "[A]lthough the decision whether to vacate a default judgment rests within the sound discretion of the trial court, it is equally true that a disposition on the merits is favored" (*Wilcox v U-Haul Co.*, 256 AD2d 973, 974 [1998], quoting *Hann v Morrison*, 247 AD2d 706, 707 [1998] [internal quotation marks omitted]; *see Wiesel v Friends Exhaust Sys., Inc.*, 71 AD3d 1006 [2010]; *Lawrence v Palmer*, 59 AD3d 394

[2009]; *Evolution Impressions, Inc. v Lewandowski*, 59 AD3d 1039, 1040 [2009]; *Moore v Day*, 55 AD3d 803 [2008]; *Harcztark v Drive Variety, Inc.*, 21 AD3d 876, 877 [2005]; *Bunch v Dollar Budget, Inc.*, 12 AD3d 391 [2004]; *Martin v Pitcher*, 243 AD2d 1023 [1997]).

Here, the appellants offered a reasonable excuse for their default by establishing that it was caused by a good faith belief that their legal interests were being adequately protected by the insurance company that had arranged for their defense in a related action (*see Evolution Impressions, Inc. v Lewandowski*, 59 AD3d at 1040; *see also HSBC Bank USA N.A. v Nuteh 72 Realty Corp.*, 70 AD3d 998, 999 [2010]; *Rothstein v Collazo*, 65 AD3d 1213 [2009]; *Zimet v Bufano*, 65 AD3d 1037 [2009]; *Westchester Med. Ctr. v Hartford Cas. Ins. Co.*, 58 AD3d 832 [2009]). Furthermore, the appellants established that they possessed a potentially meritorious defense to this action, which occurred when their vehicle was struck in the rear by the plaintiff's vehicle (*see Franco v Breceus*, 70 AD3d 767, 768 [2010]; *Staton v Ilic*, 69 AD3d 606, 607 [2010]; *Mallen v Su*, 67 AD3d 974 [2009]; *Zdenek v Safety Consultants, Inc.*, 63 AD3d 918 [2009]; *Ramirez v Konstanzer*, 61 AD3d 837 [2009]). Under these circumstances, the appellants' motion to vacate the judgment entered against them upon their default in appearing and answering should have been granted, and the answer annexed to their motion deemed served on the plaintiff. Fisher, J.P., Angiolillo, Eng and Lott, JJ., concur.