■ CENTENNIAL ELEVATOR INDUSTRIES, INC., Respondent, v NINETY-FIVE MADISON CORP. et al., Appellants. [934 NYS2d 483]—

The determination of whether to vacate a default judgment rests within the sound discretion of the Supreme Court, although a disposition on the merits is favored (*see Gerdes v Canales*, 74 AD3d 1017, 1017 [2010]; *see also Hann v Morrison*, 247 AD2d 706, 707 [1998]). Pursuant to CPLR 317, a person "served with a summons other than by personal delivery to him [or her] or to his [or her] agent . . . who does not appear may be allowed to defend the action within one year after he [or she] obtains knowledge of entry of the judgment . . . upon a finding of the court that he [or she] did not personally receive notice of the summons in time to defend and has a meritorious defense" (CPLR 317). In addition, "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion . . . upon the ground of . . . excusable default" (CPLR 5015 [a] [1]). A defendant seeking to vacate a default in appearing on the ground of excusable neglect must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (*see Gerdes v Canales*, 74 AD3d at 1017).

Here, the Supreme Court correctly denied that branch of the defendants' motion which was to vacate the default judgment insofar as entered against the defendant Rita Sklar. The defendants failed to demonstrate that Sklar did not personally receive notice of the action in time to defend, as the affidavit of service attesting that the summons and complaint were mailed to Sklar's correct business address created a presumption of proper mailing and of receipt, and Sklar's bare allegation that she did not receive the summons and complaint was not sufficient to overcome the presumption of proper mailing (*see Cavalry Portfolio Servs., LLC v Reisman*, 55 AD3d 524, 525 [2008]). Additionally, as to that branch of the motion which was to vacate Sklar's default upon the ground of excusable default, the defendants failed to demonstrate Sklar's entitlement to vacatur because they provided no excuse for the default other than to claim conclusorily that Sklar did not actually receive the summons and complaint. As there was no evidence of a reasonable excuse, we need not consider the potential merit of Sklar's defense to the action (*see Gerdes v Canales*, 74 AD3d at 1017; *Assael v 15 Broad St., LLC*, 71 AD3d 802, 803 [2010]).

However, the Supreme Court improvidently exercised its discretion in denying that branch of the defendants' motion which was to vacate the default judgment insofar as entered against the defendant Ninety-Five Madison Corp. (hereinafter the Corporation). The record reflects that it is undisputed that the Corporation was dissolved in 1983. Thereafter, the Corporation did not hold itself out as doing business, did not conduct business with the plaintiff, and did not have actual notice of this action. Thus, although a dissolved corporation is capable of being sued and of being served through substituted service upon the Secretary of State (*see* Business Corporation Law § 1006 [a] [4]), under the circumstances of this case, the Corporation was entitled to vacatur of the default judgment against it (*see* CPLR 317; *Kavourias v Big Six Pharm.*, 262 AD2d 456 [1999]).

The defendants' remaining contentions are without merit. Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.