■ DAVID LOPEZ, Appellant, v GEORGE ZOUVELOS, Respondent, et al., Defendants. [16 NYS3d 462]—In an action, inter alia, to recover damages for breach of contract, conversion, and fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), entered May 30, 2014, which granted the motion of the defendant George Zouvelos pursuant to CPLR 5015 (a) (1) to vacate a judgment of the same court entered February 7, 2014, in favor of the plaintiff and against him in the total sum of $41,849.53, upon his failure to appear or answer the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant George Zouvelos to vacate the judgment in favor of the plaintiff and against him is denied.

A defendant seeking to vacate a default pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for his or her delay in appearing and answering the complaint and a potentially meritorious defense to the action (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Citibank [S.D.], N.A. v Baron*, 115 AD3d 901 [2014]; *U.S. Bank N.A. v Slavinski*, 78 AD3d 1167 [2010]; *O'Donnell v Frangakis*, 76 AD3d 999, 1000 [2010]; *Katz v Marra*, 74 AD3d 888 [2010]; *Cavalry Portfolio Servs., LLC v Reisman*, 55 AD3d 524 [2008]).

Here, the defendant George Zouvelos failed to demonstrate a reasonable excuse for his default. In view of the lack of a reasonable excuse, it is unnecessary to consider whether Zouvelos sufficiently demonstrated the existence of a potentially meritorious defense (*see Centennial El. Indus., Inc. v Ninety-Five Madison Corp.*, 90 AD3d 689, 690 [2011]; *O'Donnell v Frangakis*, 76 AD3d 999, 1000 [2010]).

Accordingly, the Supreme Court should have denied Zouvelos's motion to vacate the judgment. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.